INDEPENDENT COAL CO. v. FIRST NATIONAL BANK.

1. HOLDER OF NOTE BY INDORSEMENT PRIMA FACIE OWNER, AND MAY SUE THEREON.

The holder of a promissory note indorsed in blank by the payee, is *prima facie* the owner thereof, and entitled to sue thereon in his own name; and the introduction of the note in evidence by the holder thereof, in an action brought to enforce its collection, makes a *prima facie* case in his favor.

2. HOLDER OF NOTE FOR COLLECTION ONLY CANNOT SUE IN OWN NAME.

An action cannot be maintained upon a promissory note by a party to whom it has been transferred by indorsement or delivery for the purpose of collection only. Such holder is not the real party in interest, within the meaning of Lan. R. L. 8508 (R. S. 4993).

3. DEFENDANT NEED NOT SHOW THAT VALID DEFENSE EXISTS AGAINST PAYEE, WHEN.

Where the evidence shows that plaintiff is not owner of the note sued upon, the defendant is not required to go further and show that a valid defense exists in his favor against the payee, in order to defeat a recovery.

4. IMMATERIAL AMENDMENT REQUIRED BY COURT NOT PREJUDICIAL, ETC.

The action of the court in requiring the defendant to amend his answer in such a way as to add nothing to the defense clearly meant to be made by the original answer, is not prejudicial.

5. EXCLUSION OF EVIDENCE TENDING TO SHOW IMMATERIAL FACT NOT PREJUDICIAL.

The exclusion of evidence offered by defendant because the fact sought to be proved was one which defendant did not need to prove to defeat the action, is not prejudicial.

6. SILENCE OF CASHIER NOT EVIDENCE THAT BANK DOES NOT OWN NOTE, WHEN.

The fact that the payee of a note stated to the maker in the presence and hearing of the cashier of the plaintiff bank, that he, payee, was going to sue on the note, and that the cashier made no objection and made no claim that the bank was the owner of the note, is no evidence that the bank was not the real owner of the note.

ERROR to the common pleas court.

**Kerruish, Chapman & Kerruish,** for plaintiff in error.

**Hamilton, Hamilton & Smith,** for defendant in error.

MARVIN, J.

Suit was brought by the First National Bank against the Independent Coal Company upon a promissory note. The petition is in the short form authorized by Lan. R. L. 8601 (R. S. 5086).

The note sued upon was in these words:

Cuyahoga County.

"$491.81.              Cleveland, Ohio, September 24, 1902.

"One month after date we promise to pay to the order of Northern Ohio Coal & Coke Supply Co. four hundred ninety-one and 81-100 dollars at the Woodland Ave. Savings & Loan Co.

"Value received.

       (Signed)           "THE INDEPENDENT COAL CO.,

                      "M. Schuerer, Secretary & Treasurer."

"Indorsed: NORTHERN OHIO COAL & COKE SUPPLY CO.

      "By H. J. Thrasher, Secretary; F. P. Walthour, Manager; C. N. Quirk, President.

                     "H. J. THRASHER,

                     "F. P. WALTHOUR,

                     "C. N. QUIRK."

To the petition the defendant filed an answer, in which no denial is made of the giving of the note nor of the indorsements made thereon, but avers that such note "was transferred by the payee thereof, the said Northern Ohio Coal & Coke Supply Company, to said plaintiff by mere delivery and for the mere purpose of collection and with the design and for the purpose of accommodating said payee in attempting to avoid and evade the defendant's set-off and counterclaim against it in the hands of said payee, and the defendant says further by way of answer that said plaintiff's action is not prosecuted in the name of the real party in interest."

With the pleadings in this situation the parties went to trial. The plaintiff introduced the note and rested. Thereupon the defendant moved the court to direct a verdict for it, which motion was overruled, and error is claimed for this action of the court. There was no error in overruling this motion. Whether it was necessary for the plaintiff to introduce the note at all need not here be determined, but surely the note with the blank indorsement of the payee made a *prima facie* case for the plaintiff. See *Osborn* v. *McClelland,* 43 Ohio St. 284 [1 N. E. Rep. 644]. The fifth clause of the syllabus of this case reads:

"In case of the blank indorsement of negotiable paper, the indorsee, who is in possession thereof, is *prima facie* the owner, and entitled to sue thereon, but this presumption may be rebutted and the rights of the real owner established."

Later on in the trial the defendant amended its answer, at the suggestion of the court, and interlined the following words:

"Defendant denies any liability on said note, and denies that plaintiff is or ever was the owner of it."

Coal Co. v. Bank.

It in no wise prejudiced the defendant that the court required such amendment to be made, for it added nothing to what the defendant clearly meant to make as a defense in his answer as originally filed. Unless the answer as originally filed was in effect a denial of the ownership of the note by the plaintiff—about which we express no opinion—it was not a good answer.

This amendment having been made, the plaintiff replied, denying all the allegations of the answer except such as are admissions of the allegations of the petition. This amendment to the answer and filing of the reply took place during the trial. The parties then proceeded with the trial, and the defendant introduced as a witness one P. B. Quayle who stated that he was the manager of the Independent Coal Company, the maker of the note. He was inquired of as to whether he had dealings with the payee of the note, which was shown to be a partnership, and then this question was asked him:

"You may state whether at that time you had a contract with this Northern Ohio Coal Company represented by these men?"

To this question the plaintiff objected, and counsel for the defendant stated that he expected and offered to show that the witness did have a contract; that by virtue of that contract the payee of this note represented by these men are legally indebted to the Independent Coal Company for not having furnished such company coal as they had agreed, by reason of which the coal company had suffered damage. The court sustained the objection, and it is urged that the ruling was erroneous. The question was asked under a misapprehension on the part of counsel for the defendant as to what it was incumbent upon him to show as a defense to the claim made by the plaintiff. It was not necessary that the defendant should show that if suit had been brought by the payee it would have had a defense. It was sufficient that the defendant show that the plaintiff was not the owner of the note. If he succeeded in showing this he made a complete defense to the action, for if the plaintiff was not the owner of the note then it was not the real party in interest as required by Lan. R. L. 8508 (R. S. 4993). Under this section the real party in interest who brings suit upon a promissory note must be the owner of that note. Such suit cannot be maintained by one to whom the note has been transferred whether by indorsement or by mere delivery for the purpose of collection only. *Nichols* v. *Gross*, 26 Ohio St. 425; *Osborn* v. *McClelland*, 43 Ohio St. 284 [1 N. E. Rep. 644].

In the latter case, this language is used in the opinion, page 295:

"Let it be assumed that this note was negotiable after due, so as

to confer upon the indorsee the legal title, and that *prima facie* he is entitled to recover.

"At common law this authorized the indorsee to sue in his own name, and it was no defense to show he was not the owner.

"By the code the action must be brought in the name of the real party in interest, except in cases of express trust, etc. If, therefore, the indorsee is not the real party in interest, nor the trustee of the real owner of a negotiable note, his action may be defeated by showing that some other person is the owner."

Numerous authorities are cited in the opinion, and no modification of the rule there laid down has been announced by our Supreme Court since.

A question akin to this was raised in the case of *Brown* v. *Ginn*, 66 Ohio St. 316 [64 N. E. Rep. 123]. In this case the suit was brought by the assignee of several claimants against one Brown, of their several choses in action. The assignee, Ginn, was to receive as compensation for collecting these claims a certain per cent of the amount collected, and it was held in that case that, though the plaintiff had an interest in these claims he was not the real party in interest. In the opinion, Judge Spear uses this language, page 321:

"We are aware that the tendency of some courts has been to uphold actions brought upon negotiable instruments, transferred for collection only, on the ground that the plaintiff is the real party in interest, and that there are some authorities which point to that conclusion. Indeed it may be admitted that the trend in some of the code states is in that direction."

Surely there is no intimation in this language that Ohio has modified the rule laid down in *Osborn* v. *McClelland, supra,* and *Nichols* v. *Gross, supra.* It follows, then, as already said, that the defendant was in no wise prejudiced by the ruling of the court excluding the evidence, because the fact sought to be proved was one which the defendant did not need to prove to defeat the action.

Later on, the same witness was asked as to a conversation had between himself and certain representatives of the payee at a time when the cashier of the plaintiff was present, subsequent to the transfer of the note by the payee to the plaintiff. Objection was made to the evidence, and though we are not prepared to say that the reason given for the objection or the reason assigned by the court for excluding the evidence was good, we find no error in the ruling of the court excluding the evidence.

Coal Co. v. Bank.

What was sought to be shown by this evidence, as stated by counsel for the defendant, was, that ''after this note fell due the payee in company with the cashier of the plaintiff, appeared at the office of this, defendant and together they were anxious to have this matter settled up, and that thereupon and after a long consultation the payee, to wit, Mr. Walthour and Mr. Thrasher, the principal persons in the payee, thereupon said to the manager of the defendant that they then were going to sue that note—the bank were going to sue on this note—and that thereupon the cashier of the bank made no objection or made no claim to be the owner of the note.''

If the witness had testified to exactly what counsel for the defendant stated he expected him to testify to, it would have had no tendency to show that the plaintiff was not the real owner of the note. It was not sought to show that the cashier representing the plaintiff said anything as to the ownership. Counsel for the plaintiff below and the court, from what appears in the bill, seemed to think that if the cashier of the bank had made a statement to the effect that the bank was not the owner of the note, such statement being made after the note was transferred to the bank, it would not be admissible to prove that the cashier had so stated.

But whatever ruling should have been made, if it had been sought to show some statement of the cashier, no ruling was made on that question because it was not sought to show that the cashier said anything about it, but only that parties representing the payee said in the presence of the cashier that they proposed to sue the note. Did this call on the cashier to say anything? We think not. The circumstances were not such as that the cashier or any one claiming to own the note would be likely to interfere, upon the statement being made by the payee or those representing the payee that they were about to sue the note, to interfere and deny that they had any right to bring the suit. The natural thing was for the cashier under the circumstances to have said nothing; hence the evidence, if admitted, would have availed the defendant nothing. There was therefore no error in sustaining the objection to this evidence.

This disposes of the complaints made, and as we find no error to the prejudice of the plaintiff in error, the judgment of the court below is affirmed.

**Winch** and **Henry, JJ.,** concur.